JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BASHKIROFF, an individual, | ) CASE NO.  CV 14-5376-R |
| Plaintiff, | ) ORDER REMANDING CASE TO THE VENTURA COUNTY SUPERIOR COURT |
| v. | ) |
| The VENTURA PORT DISTRICT, an independent special district in Ventura, et al., | ) |
| Defendants. | ) |

Currently pending before this Court are a Motion to Dismiss filed by the Ventura Port District and Gregory Carson ("Defendants") and a "Motion to Strike Removal & Remand with Prejudice & Request for Sanctions for Abuse of Process" ("Motion to Remand") filed by plaintiff Peter Bashkiroff ("Bashkiroff"). The Court finds that this case should be remanded and consequently declines to rule on the Motion to Dismiss.

A defendant may remove an action to federal court if the original action could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The right of removal is entirely a creature of statute and . . . statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). Title 28 U.S.C. § 1446 governs the procedure for removal of civil actions. *Phoenix Container, L.P. v. Sokoloff*,

235 F.3d 352, 354 (7th Cir. 2000). A defect in removal procedure is grounds for remanding a case. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Here, the removal was procedurally defective and Bashkiroff has timely challenged it on those grounds in his Motion to Remand. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." Title 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first ascertained that the case is one which is or has become removable." Title 28 U.S.C. § 1446(b)(3).

Defendants should have ascertained that this case was removal when they received a copy of the first amended complaint ("FAC"). Not. of Removal Ex. 5. The caption of the FAC reflects that it is asserting claims under Title 42 U.S.C. § 1983 and § 1988. The body of the FAC also cites federal constitutional and statutory provisions in setting forth its allegations. *See, e.g.*, FAC ¶ 5 (42 U.S.C. § 1983; United States Constitution Amendments 4 & 14); ¶ 14 (due process pursuant to 14th Amendment). A federal question was clearly presented on the face of the FAC and it was therefore removable. *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180 (9th Cir. 1989).

In their opposition to the Motion to Remand Defendants contend that the federal issues raised by Bashkiroff are only "incidental" to the state issues. Opp'n. to Mot. to Remand 9 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986)). This argument is without merit.

Federal question jurisdiction is present when federal law creates the cause of action. *Merrell Dow*, 478 U.S. at 808. The factual basis for Bashkiroff's FAC is that harbor patrolmen stole his personal property. Bashkiroff alleges that the Ventura Port District and Gregory Carson, the removing defendants, are liable for these actions because, among other things, they failed to investigate the "roguish miscreants" who worked for Defendants and allegedly absconded with his property. FAC ¶ 9. Shortly after making these factual allegations in the FAC, Bashkiroff cites

2

*Brandon v. Holt*, 469 U.S. 464 (1985) and Title 42 U.S.C. § 1983. FAC ¶ 9. *Holt* addressed the extent to which the director of the Memphis Police Department and the city of Memphis could be liable for the actions of a Memphis police officer pursuant to Title 42 U.S.C. § 1983. *Holt*, 469 U.S. at 465. The instant case is similar in that it alleges that Carson (the Chairman of the Port Commissioners) and the Ventura Port District are liable for the acts of harbor patrol officers. These legal citations and the related factual allegations make it clear that the FAC contains claims created by federal law, namely Title 42 U.S.C. § 1983. Additionally, the FAC also asserts claims created by the Fourth and Fourteenth Amendments to the United States Constitution. FAC ¶ 13. It is clear from the face of the FAC that it was removable because it contained claims created by federal law.

It is unclear when Defendants were served with the FAC but they demurred to it on November 21, 2013. Not. of Removal. Ex. 7. Therefore at least as early as that date they had in their possession a copy of a pleading from which it could be "ascertained that the case is one which is or has become removable." Title 28 U.S.C. § 1446(b)(3). Defendants had 30 days from that point to remove the case. Their removal approximately six months later was thus untimely.

Bashkiroff requests an award of sanctions pursuant to Federal Rule of Civil Procedure 11. This request is denied because it was not made in a separate motion. Fed. R. Civ. P. 11(c)(2).

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is meant to reimburse a plaintiff for "wholly unnecessary litigation costs the defendant inflicted." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

This case was removed on July 10, 2014. Defendants contend that they first ascertained that this case was removable when they received a ruling from the superior court on June 20, 2014. Not. of Removal ¶ 7. That ruling addressed Defendants' demurrer to Bashkiroff's Second Amended Complaint. *Id.* As analyzed above, this position is completely unavailing when one considers the contents of the FAC. It is also belied by Superior Court Judge Cody's order. Defendant's Request for Judicial Notice Ex. 2. In the order Judge Cody notes that Bashkiroff is

1  asserting a § 1983 claim in his Second Amended Complaint ("SAC"). Judge Cody comes to this
2  conclusion, in part, by citing the caption of the SAC which, like its counterpart in the FAC, states
3  that it is alleging a cause of action under § 1983. Nothing in the order reveals any new information
4  to put Defendants on notice of the existence of a federal claim. Defendants appear to be arguing
5  that up until the order from the Superior Court they considered Bashkiroff's federal claims to be
6  without merit. Whether a complaint contains a cause of action created by federal law is a separate
7  question from whether that cause of action is adequately pled. *See Trs. of Constr. Indus. &*
8  *Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926
9  (9th Cir. 2003).

10  Defendants' removal of this case was blatantly untimely and the removal imposed
11  unnecessary costs on Bashkiroff. Defendants shall pay Bashkiroff $250 to compensate him for his
12  efforts resulting from the clearly meritless removal.

13  IT IS HEREBY ORDERED that the case is REMANDED.

14  Dated: August 19, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE